see how the Supreme Court of Florida could make that statement, particularly given the prosecution's claim of potentially substantial prejudice and the trial judge's suggestion that Waters' testimony appeared almost "tailor-made" for the defense.

The *Chapman* rule was meant to be more than merely a formula to incant before affirming the results of constitutionally infirm prosecutions. For the rule to have content, a reviewing court must not declare a constitutional error harmless without first conducting a careful and probing inquiry into the possibility of prejudice. Nothing less will suffice if the court is to be convinced "beyond a reasonable doubt" that the error had no effect on the verdict. Furthermore, at least in any case where the harmlessness of an error is as questionable as it is here, an appellate court should spell out its reasoning in sufficient detail to permit this Court to verify compliance with *Chapman*. Our concern of course must be not merely that *Chapman* is cited, but that it is followed conscientiously. For me, that concern is not satisfied by the opinion of the Florida Supreme Court in this case, particularly given the sentence imposed. Consequently, I would grant certiorari, vacate the judgment, and remand for a determination whether there is any "reasonable possibility" that the automatic exclusion of Waters' testimony contributed to Wright's conviction.

No. 85–48.  SUAREZ *v.* HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES, *ante*, p. 844;

No. 85–247.  CRANBERG *v.* CONSUMERS UNION OF UNITED STATES, INC., ET AL., *ante*, p. 850;

No. 85–295.  COUNTY OF LOS ANGELES ET AL. *v.* KLING, *ante*, p. 936;

No. 85–583.  FAHEY *v.* BECKLEY ET AL., *ante*, p. 1001;

No. 85–650.  MCCORSTIN *v.* UNITED STATES STEEL CORP., *ante*, p. 1008;

No. 85–5121.  FREELAND *v.* UNITED STATES, *ante*, p. 1009;

No. 85–5547.  SPELLMAN *v.* INTEGON GENERAL INSURANCE CORP., *ante*, p. 1010; and

No. 85–5647.  WILSON *v.* UNITED STATES, *ante*, p. 1012. Petitions for rehearing denied.

No. 84–6943.  MAZAK *v.* UNITED STATES, *ante*, p. 840; and

No. 85–5177.  GORDON *v.* IDAHO, *ante*, p. 803. Motions for leave to file petitions for rehearing denied.