No. 86-269

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

CITY OF BILLINGS,

        Plaintiff and Respondent,

   -vs-

RODNEY O. SKURDAL,

        Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Rodney O. Skurdal, pro se, Gillette, Wyoming

    For Respondent:

        Bonnie J. Sutherland, City Attorney's Office,
Billings, Montana

Submitted on Briefs: Sept. 4, 1986

Decided: November 18, 1986

Filed: NOV 18 1986

_Ethel M. Harrison_

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Rodney Skurdal was charged with the misdemeanor crimes of speeding, foreign license plates, foreign driver's license, no proof of insurance, and obstructing a peace officer. A jury trial was held in the District Court of the Thirteenth Judicial District and Mr. Skurdal was found guilty of all charges. Mr. Skurdal appealed. We affirm.

The issues presented to us are:

1. Were Mr. Skurdal's constitutional rights violated by requiring him to carry a motor vehicle license, a driver's license, and proof of vehicle insurance?

2. Was Mr. Skurdal's right to counsel violated?

3. Was Mr. Skurdal brutalized or threatened by the city police?

4. Were Mr. Skurdal's constitutional rights violated when he was not given a Miranda warning after he was stopped?

5. Was there an unlawful search of Mr. Skurdal prior to placing him in the police station holding cell?

6. Is radar an appropriate device for measuring the speed of vehicles?

7. Was Mr. Skurdal denied his right to a jury trial?

8. Did the state courts have jurisdiction over this matter? Is the collection of fines by paper money in violation of the United States Constitution? Is the "unlimited taxation by the use of paper money" unconstitutional?

On May 29, 1985, Rodney Skurdal was driving his automobile south along Regal Street in Billings, Montana. Officer Ness of the Billings Police Department was operating a stationary radar gun out of the driver's window of his police vehicle on Regal Street. At approximately 9:28 p.m., Officer

2

Ness observed Mr. Skurdal's vehicle approach him and estimated Mr. Skurdal's vehicle speed to be at least 35 miles per hour. The posted speed limit on Regal Street is 25 miles per hour. Officer Ness clocked Mr. Skurdal's vehicle at 38 miles per hour on his radar unit.

Officer Ness pulled Mr. Skurdal over and informed Mr. Skurdal that he had been speeding. Officer Ness then asked Mr. Skurdal for his driver's license, driver's registration, and proof of insurance. Mr. Skurdal asked Officer Ness by what authority he was asking for this information. Officer Ness informed Mr. Skurdal that he was a police officer for the City of Billings and that he had the authority to ask for such information. Mr. Skurdal refused to give the items to Officer Ness and handed Officer Ness a "Public Servant's Questionnaire" and asked him to fill it out. Officer Ness refused to fill out the form and again asked for Mr. Skurdal's driver's license, registration, and proof of insurance. Mr. Skurdal refused to hand over the requested items, saying that the Constitution did not require him to do so.

Officer Ness called for a back-up officer and a short time later Officer Lueck of the Billings Police Department arrived. After Officer Lueck arrived, Officer Ness once again asked Mr. Skurdal for his driver's license, registration, and proof of insurance. Mr. Skurdal again refused to supply the requested information, so Officer Ness advised him that he was under arrest for obstructing a peace officer. Officers Ness and Lueck then pulled Mr. Skurdal out of his vehicle as Mr. Skurdal refused to voluntarily get out of the car and locked his hands around the steering wheel.

After the officers removed Mr. Skurdal from the car, they handcuffed him, put him in Officer Ness' police vehicle,

took him to the police station and read him his Miranda rights. While riding the elevator to the third floor of City Hall where the police station is located, Officer Lueck turned Mr. Skurdal toward the elevator wall and removed his wallet to get his identification and to check for any weapons. After checking the wallet, Officer Lueck took the driver's license and returned the wallet to Mr. Skurdal.

Mr. Skurdal was issued traffic citations for speeding, carrying a foreign driver's license, having foreign license plates, and having no proof of insurance. In addition, Mr. Skurdal was issued a complaint for obstructing a peace officer.

On April 1, 1986, the jury in the District Court trial found Mr. Skurdal guilty on all charges. Mr. Skurdal then appealed to this Court.

I

Were Mr. Skurdal's constitutional rights violated by requiring him to carry a motor vehicle license, a driver's license, and proof of vehicle insurance?

Mr. Skurdal claims that the State of Montana cannot regulate his right to use and own a vehicle by requiring vehicle licenses, driver's licenses, and proof of vehicle insurance. This Court has previously addressed this issue:

> The United States Supreme Court in 1837 recognized that state and local governments possess an inherent power to enact reasonable legislation for the health, safety, welfare, or morals of the public. Charles River Bridge v. Warren Bridge Co. (1837), 36 U.S. (11 Pet.) 420 L.Ed. 773. This Court has also recognized that such a police power exists even though the regulation may frequently be an infringement of individual rights. State v. Rathbone (1940), 100 Mont. 225, 241, 100 P.2d 86, 92. See also, State v. Penny (1910), 42 Mont. 118, 111 P. 727. Regulations that are formulated within

4

> the state's police power will be presumed reason-
> able absent a clear showing to the contrary.
> Bettey v. City of Sidney (1927), 79 Mont. 314, 319,
> 257 P. 1007, 1009. . . .
>
> We have previously recognized the power of the
> State to regulate licensing of drivers in the
> interests of public safety. Sedlacek v. Ahrens
> (1974), 165 Mont. 479, 483, 530 P.2d 424, 426.

State v. Deitchler (1982), 201 Mont. 70, 72-73, 651 P.2d 1020, 1021-22.

We conclude that Mr. Skurdal has not shown that § 61-3-301(1), MCA, (which requires license plates), § 61-5-102(1), MCA, (which requires a driver's license), or § 61-6-302(4), MCA, (which requires proof of insurance), are unreasonable. We hold that Mr. Skurdal's constitutional rights were not violated by requiring him to carry a motor vehicle license, a driver's license, and proof of vehicle insurance.

II

Was Mr. Skurdal's right to counsel violated?

Mr. Skurdal claims that he was denied his Sixth Amendment right to counsel. However, there is nothing in the record to indicate that Mr. Skurdal raised this issue at the District Court level where he appeared pro se. This Court has consistently held that normally objections which are urged for the first time on appeal will not be considered by this Court. Mont. Ass'n of Underwriters v. State, etc. (1977), 172 Mont. 211, 218, 563 P.2d 577, 581. We point out that the record shows that Mr. Skurdal discharged his original court appointed counsel and did not seek additional counsel. We conclude that this issue was not raised at the District Court and thus is not properly before us.

5

## III

Was Mr. Skurdal brutalized or threatened by the city police?

Mr. Skurdal alleges that he was threatened and brutalized by the Billings police when he was arrested. Apparently, Mr. Skurdal's assertions arise from the removal of his wallet while he was riding the elevator to the police station. Mr. Skurdal presented no evidence in the court proceedings below which support these claims. We hold that Mr. Skurdal has not presented any credible evidence that suggests he was threatened or brutalized by the Billings police.

## IV

Were Mr. Skurdal's constitutional rights violated when he was not given a Miranda warning after he was stopped?

Mr. Skurdal contends that his constitutional rights were violated when Officer Ness stopped him for speeding and did not give him the Miranda warning. The United States Supreme Court has held that there must be a custodial interrogation before the Miranda warning need be given. Custodial interrogation does not occur at a traffic stop based upon: (1) the rountineness of the questions; (2) the generally brief detention; and (3) the fact that such stops are in the public view. Berkemer v. McCarty (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317. Accordingly, we hold that Mr. Skurdal's constitutional rights were not violated when Officer Ness stopped him for speeding and did not give him the Miranda warning.

## V

Was there an unlawful search of Mr. Skurdal prior to placing him in the police station holding cell?

Mr. Skurdal claims that the officers performed an illegal search upon him when he was patted down prior to being placed in the police station holding cell and that the officers needed a search warrant prior to the pat down. This Court has stated:

> It is well settled that law enforcement officers may make a full body search pursuant to a lawful arrest for the purposes of protecting themselves or seizing evidence of the crime. Section 95-702, R.C.M.1947; Kotwicki, supra; United States v. Robinson (1973), 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427.

State v. Cripps (1978), 177 Mont. 410, 420, 582 P.2d 312, 318.

Officer Ness had probable cause to arrest Mr. Skurdal for obstructing a peace officer and Officer Ness complied with § 46-6-106, MCA, the procedure for making an arrest without a warrant. We hold that the search of Mr. Skurdal was not illegal or unconstitutional.

## VI

Is radar an appropriate devise for measuring the speed of vehicles?

Mr. Skurdal challenges the validity of the use of radar to measure the speed of vehicles. The Montana legislature has recognized radar as an acceptable means of measuring speed. Section 61-8-702, MCA, provides:

> The speed of any motor vehicle may be measured by the use of radio microwaves or other electrical device. The results of such measurements shall be

7

accepted as evidence of the speed of such motor
vehicle in any court or legal proceedings where the
speed of the motor vehicle is at issue.

Officer Ness testified that his radar unit was used correctly
and was operating properly on the night in question. Mr.
Skurdal failed to present any evidence which challenged the
validity of the use of radar. Consequently, the evidence
submitted by the state regarding the use of radar is suffi-
cient to meet the requirements of the statute. We therefore
affirm the District Court on this issue.


## VII

Was Mr. Skurdal denied his right to a jury trial in City
Court?

Mr. Skurdal contends that he was denied his right to a
jury trial in City Court. Section 46-17-201, MCA, states
that a trial by jury may be waived in City Court if the
consent of both parties is expressed in court. In this case,
we do not have a copy of the City Court transcript. No
evidence has been presented suggesting that Mr. Skurdal
demanded a jury trial at the City Court level. In addition,
this issue was not raised at the District Court level.
Therefore, this issue is not properly before us.


## VIII

The last three issues that Mr. Skurdal raises will be
consolidated. Did the state court have jurisdiction over
this matter, even though the court requires the payment of
fines with money? Is the collection of fines by paper money
in violation of the United States Constitution? Is the
"unlimited taxation by the use of paper money"
unconstitutional?

8

The record does not demonstrate that Mr. Skurdal has been required to make payment of any type by the use of paper money. Mr. Skurdal may pay his fines or other costs by silver, such as quarters or fifty cent pieces. A basis for these three issues is not present. Therefore, we need not consider the three issues consolidated above.

For the above reasons, we affirm the decision of the District Court in full.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9