CITY OF SALINA, Plaintiff
and Respondent,

v.

Joseph M. WISDEN, Defendant
and Appellant.

CITY OF SALINA, Plaintiff
and Respondent,

v.

Don H. WISDEN, Defendant
and Appellant.

Nos. 20498, 20499.

Supreme Court of Utah.

May 8, 1987.

Joseph M. Wisden and Don H. Wisden, pro se.

D. Michael Jorgensen, Salina, for respondents.

PER CURIAM:

Joseph M. Wisden was arrested for violating provisions of the motor vehicle code, Utah Code Ann. title 41. He was tried and convicted by a jury in a justice of the peace court. He was tried de novo and again convicted by a jury in district court.

Mr. Wisden alleges three claims of error: the justice of the peace court lacked jurisdiction; he was denied equal protection of the law because he was not granted an adequate appeal; and one of the statutes under which he was charged was not properly applied to him.

■ Before we consider the merits of any of these claims, we must examine the scope of our review. This case arose before the repeal of article VIII, section 9 of the Utah Constitution,[1] which provided:

Appeals shall also lie from the final judgment of justices of the peace court in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decisions of the District Courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute.

Our ability to review cases traveling to us from the justice of the peace courts through the district courts is limited. We cannot even reach all constitutional issues; our jurisdiction is limited to considerations of the validity and constitutionality of statutes. *See State v. Taylor*, 664 P.2d 439, 441 (Utah 1983) (declaring unconstitutional a provision purporting to expand the right to appeal district court decisions in cases originating in justice of the peace courts to include every "constitutional issue").[2]

■ Although article VIII, section 9 prevents us from reaching the issue, we will consider Mr. Wisden's contention that the justice of the peace court lacked jurisdiction to try him because his status as a "free man" exempts him from the motor vehicle code because he did not consent to be bound by it. We address this issue only because it is frequently raised and should be finally settled. We reject his claim. All of the provisions violated by Mr. Wisden[3] regulate the conduct of persons. Utah Code Ann. § 41-1-1(t) defines "person" as "[e]very natural person, firm, copartnership, association, or corporation." Mr. Wisden is a natural person and is therefore bound by the statutes he violated. Consent to laws is not a prerequisite to their en-

1. Defendant was arrested on February 24, 1984. He was subsequently tried and found guilty in the justice of the peace court in Salina. He was retried and reconvicted on October 9, 1984. Defendant filed a writ of habeas corpus in November 1984; we granted a resentencing under the writ. *See Wisden v. District Court of Sevier County*, 694 P.2d 605 (Utah 1984). Defendant filed a premature appeal, raising issues concerning his trial in the district court on October 3, 1984. Defendant again filed an appeal after the district court had reached a final judgment.

2. In 1985, in *State v. Hamilton*, 710 P.2d 174 (Utah 1985), we found that Utah Code Ann.

§ 78-3-5 (Supp.1985) allowed us to reach all constitutional issues. By 1985, however, the judicial article of the constitution had been revised to eliminate the restriction contained in article VIII, section 9.

3. Mr. Wisden was convicted of violating Utah Code Ann. §§ 41-2-2 (driving without a license), 41-6-117 (driving an unsafe vehicle), 41-6-158 (failing to display a safety inspection sticker), 41-1-18 (driving an unregistered vehicle), and 41-6-13 (failing to obey a police officer).

forceability against individuals. We take issue with Mr. Wisden's assertion that "this type of legislation attempts to lead one to the conclusion that all are subject to the law, and amounts to nothing more than legal debauchery." In order for our scheme of ordered liberties to succeed, we must all obey valid laws, even those with which we do not agree; a man cannot exempt himself from the operation of a law simply by declaring that he does not consent to have it apply to him. We also reject Mr. Wisden's claim that the motor vehicle code interferes unconstitutionally with his right to travel and invades his privacy interests. Mr. Wisden's assertion that the right to travel encompasses "the unrestrained use of the highway" is wrong. The right to travel granted by the state and federal constitutions does not include the ability to ignore laws governing the use of public roadways. The motor vehicle code was promulgated to increase the safety and efficiency of our public roads. It enhances rather than infringes upon the right to travel. The ability to drive a motor vehicle on a public roadway is not a fundamental right; it is a privilege that is granted upon the compliance with statutory licensing procedures and may be revoked. *See Larson v. Schwendiman,* 712 P.2d 244 (Utah 1985) (affirming the revocation of a driver's license in accord with Utah Code Ann. § 41–6–44.10, Utah's implied consent statute). The rest of Mr. Wisden's so-called "jurisdictional" errors go to the authority of the justice of the peace before whom Mr. Wisden was tried; these issues cannot be reviewed because the questions raised relate to matters not in the record.

Mr. Wisden's next contention is that article VIII, section 9 of the Utah Constitution is itself unconstitutional because it violates assorted constitutional guarantees and contradicts article I, section 12 of the Utah Constitution, which guarantees the right to appeal in all cases. We have carefully reviewed the arguments in Mr. Wisden's brief on this point. They are not sufficiently coherent and understandable to allow us to review them.

Mr. Wisden's final claim is that his conduct did not amount to a violation of Utah Code Ann. § 41–6–13, which requires compliance with lawful orders of police officers. He does not challenge the constitutionality of that provision; he argues that the section "is not applicable to the defendant in this particular case." Article VIII, section 9 prevents us from reviewing the application of a statute to facts. *State v. Munger,* 642 P.2d 721, 722 (Utah 1982).

Mr. Wisden's brother, Don, who was a passenger in the vehicle at the time of his brother's arrest, also appeals from his trial de novo in which he was convicted of violating Utah Code Ann. § 41–6–13, which requires obedience to lawful orders of police officers. Don Wisden also challenges the applicability of that statute to his actions. *State v. Munger,* 642 P.2d 721 (Utah 1982), controls. He also claims that the State has improperly converted his exercise of a constitutional right into a crime. We do not understand what crime Don Wisden refers to inasmuch as that portion of his brief is devoted to search and seizure issues, which we cannot reach. *State v. Taylor,* 664 P.2d 439, 441 (Utah 1983). Finally, Don Wisden argues that he should have been tried by eight jurors in the district court. We cannot reach that issue because, although it goes to a constitutional issue, it does not challenge the validity or constitutionality of a statute. *State v. Taylor,* 664 P.2d at 441.

The convictions are affirmed.