No. 88-362

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

RODNEY O. SKURDAL,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Big Horn,
The Honorable William Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Rodney O. Skurdal, pro se, Gillette, Wyoming

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Kathy Seeley, Asst. Atty. General, Helena
        James Yellowtail, County Attorney, Hardin, Montana

Submitted:    November 10, 1988

Decided:    December 30, 1988

Filed:

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Rodney O. Skurdal was convicted in the Thirteenth Judicial District, Big Horn County, of operating a motor vehicle without a valid driver's license and exceeding the posted nighttime speed limit.

Skurdal refuses to procure and carry a driver's license on various constitutional grounds. He raises twenty-eight issues on appeal. We have reduced those to one basic question: Were any of Skurdal's constitutional rights violated?

We hold that none of Skurdal's constitutional rights were violated and that it is a proper exercise of the State's police power to require a valid driver's license before one may operate a motor vehicle on the public highways in Montana.

Judgment affirmed.

It should be noted here that the State was not required to file a response brief, because Skurdal's appellate handwritten brief was not properly filed with this Court. Skurdal appears pro se in forma pauperis. We have accepted Skurdal's appeal, despite its irregularities, because it contains frequently raised arguments which need to be finally settled.

We have subdivided Skurdal's voluminous brief and have organized his various arguments in the following manner.

I. The Driver's License

Skurdal asserts that it is unconstitutional for the State to require him to procure a driver's license before operating a motor vehicle on the public highways. According to Skurdal, it violates his constitutional right to freedom of travel and right to use his private property (his car) without governmental interference. Lastly, he asserts that the state legislature is unconstitutionally encroaching on his absolute constitutional rights and that the judiciary is blindly accepting these laws and further encroaching on his rights. We disagree.

### a. Rights are not absolute

One must begin with the basic premise that constitutional rights are not always absolute; rather, there are just constitutional safeguards which must first be met before a government may infringe on an individual's rights. For example, the private property interests Skurdal asserts are not absolute, but the Constitution guarantees that due process will be had before an infringement occurs. Even such fundamental rights as those guaranteed by the First Amendment are not immune from governmental regulation. Seward Chapel, Inc. v. City of Seward (Alaska 1982), 655 P.2d 1293. Most noteworthy is the fact that a city may always impose reasonable restrictions on the time, place and manner in which such First Amendment rights are exercised.

This is what Skurdal calls the encroachment of his absolute rights and the judiciary's blind acceptance. However, this is the law in this country. Agreeing with the law is not a prerequisite to following it.

### b. Right to freedom of travel

The right to freedom of travel, not only is not even implicated in this case, it has not been infringed. At no time were there any constraints by the State of Montana on this right of Skurdal. He has at all times remained free from state regulation and constraint, able to leave this state and travel as he pleases. He was free to get on a plane and fly to New York, free to take a bus back to Wyoming; he existed free of any state interference of this right to travel.

This notion of right to travel remains wholly separate from the right or privilege to operate a motor vehicle on the public highways in Montana. As was stated recently by the Utah Supreme Court, "appellant's assertion that the right to travel encompasses the unrestrained use of the highway is wrong. The right to travel granted by the state and federal constitutions does not include

4

Skurdal's appeal is without merit. This Court has already ruled on that issue. "We have previously recognized the power of the State to regulate licensing of drivers in the interests of public safety." Sedlacek v. Ahrens (1974), 165 Mont. 479, 483, 530 P.2d 424, 426. Licensing is the best means to determine that drivers meet a minimal standard of competence. It is a justifiable, reasonable and desireable exercise of the police power of the State.

That police power was recognized by the United States Supreme Court as early as 1837 when it stated that "state and local governments possess an inherent power to enact reasonable legislation for the health, safety, welfare or morals of the public." Charles River Bridge v. Warren Bridge Co. (1837), 11 Peters 496. That the states currently possess that police power is unquestioned. Polk v. Oklahoma Alcoholic Beverage Control Board (Okla. 1966), 420 P.2d 520. Montana recognizes that such police power exists even when the regulations are an infringement of individual rights. State v. Rathbone (1940), 110 Mont. 225, 241, 100 P.2d 86, 92. Skurdal is aware that this issue was raised and rejected by this Court in 1986 when he, himself, was here before. Skurdal v. City of Billings (Mont. 1986), 730 P.2d 371, 43 St.Rep. 2036, cert. denied, 107 S.Ct. 1902, 95 L.Ed.2d 508, reh. denied, 107 S.Ct. 2492, 96 L.Ed.2d 383 (Skurdal I). We will not entertain his argument on this issue again and will deem any further pursuit of this issue frivolous.

However, because his legal research is incomplete and his analysis flawed, we feel the need to fully discuss his claims to reach a final resolution of these arguments. Many of our sister states as well recently have decided similar cases with near identical arguments. This is obviously a growing school of thought which has been misguided.

3

the ability to ignore laws governing the use of public roadways." City of Salina v. Wisden (Utah 1987), 737 P.2d 981, 983.

c.   Operating a motor vehicle: right or privilege

Many states have recently debated under similar circumstances whether it is a privilege or a right to drive on state highways. Predictably, Skurdal argues that it is an absolute right.   We disagree.

The ability to drive a motor vehicle on a public highway is not a fundamental right; it is a revocable privilege that is granted upon compliance with statutory licensing procedures.   City of Salina, 737 P.2d at 983; State v. Svendrowski (Mo.App. 1985), 692 S.W.2d 348, 349; Texas Dept. of Public Safety v. Schaejbe (Tex. 1985), 687 S.W.2d 727, 728; State v. Coyle (1984), 14 Ohio App.3d 185, 470 N.Ed.2d 457, 458, 14 O.B.R. 203; Mackler v. Alexis (1982), 130 Cal.App.3d 44, 181 Cal.Rpt. 613, 622-623; State ex rel. Hjelle v. A Motor Vehicle, Etc. (N.D. 1980), 299 N.W.2d 557, 562; Smith v. Cox (Utah 1980), 609 P.2d 1332, 1333.

Whether it is termed a right or a privilege, one's ability to travel on public highways is always subject to reasonable regulation by the state in the valid exercise of its police power. Gordon v. State (1985), 108 Id. 178, 697 P.2d 1192, 1193, appeal dismissed, 474 U.S. 803, 106 S.Ct. 35, 88 L.Ed.2d 28 (1985), reh. denied, 474 U.S. 1097, 106 S.Ct. 874, 88 L.Ed.2d 912 (1986).

Our motor vehicle codes were promulgated to increase the safety and efficiency of our public roadways.   It enhances rather than infringes upon the citizen's right to travel. City of Salina, 737 P.2d at 983.   The privilege properly may be revoked for noncompliance, sections 61-5-105, -201, and -205, MCA, and such would not be an infringement of the revokee's right to travel.

5

## II. Liberty Interests

Skurdal claims that his right to liberty as guaranteed by the Constitution was violated when the Montana Highway Patrol stopped his vehicle and detained him personally. We disagree.

Skurdal was stopped by Officer Joseph Coughlin after the officer visually observed Skurdal's vehicle traveling at a high rate of speed and confirmed that with his radar equipment. After being unable to produce a valid driver's license and unable to post the necessary bond, Skurdal was arrested.

The officer had probable cause to stop the Skurdal vehicle. Probable cause that Skurdal had committed an offense consisted of the officer's visual observation, confirmed by the radar reading. See also section 61-8-703, MCA, arrest without a warrant in radar cases. Thus, Skurdal was properly stopped. Such a lawful and proper stop can in no way be construed as a violation of Skurdal's constitutional rights.

### a. "Free man status"

We reject Skurdal's argument that he is a "free man" exempt from the laws because he has "no contracts" with either the state or federal governments. Skurdal is a "person" as defined by section 61-1-307, MCA, and bound by the statutes in Montana which he violated. Consent to laws is not a prerequisite to their enforceability against individuals. City of Salina, 737 P.2d at 983. No persons in Montana may exempt themselves from any law simply by declaring they do not consent to it applying to them. We must all abide by the valid laws, even the ones with which we do not agree, or justice will be served against us for the violation. Accepting Skurdal's assertion of exempt status is an invitation to anarchy. We decline that invitation.

b. Private automobile, noncommercial use

We reject Skurdal's claim that because he owes nothing on his car (private property) and is not engaged in commercial travel, his liberty interests are infringed by stopping his vehicle. That claim is baseless in Montana, and we find no law in any other jurisdiction to support it either. We will not entertain it further.

III. Miranda Warning

Skurdal asserts that his constitutional rights were also violated because he was not given a Miranda warning after he was stopped. Skurdal is wrong, as we pointed out in his last case in this Court. That issue was squarely decided by us in Skurdal I, where we stated:

> The United States Supreme Court has held that there must be a custodial interrogation before the Miranda warning need be given. Custodial interrogation does not occur at a traffic stop. . .

730 P.2d at 374.

We need not discuss this argument further.

IV. Right to Counsel

Skurdal claims that his constitutional right to counsel was violated when he was not granted court-appointed counsel and was not appointed the counsel of his choice. We disagree. Skurdal wished to have an advisor, a personal acquaintance who was not a lawyer, help contest the State in his trial on these two traffic tickets and have the government tax dollars pay for it.

In his argument, Skurdal misconstrues this right as being absolute and pertaining to any counsel, not necessarily legal counsel. Skurdal is wrong on both counts.

Section 46-8-101(3), MCA (1985), provides that appointment of counsel for misdemeanor charges such as these is discretionary with

the trial judge. This statute provides for such appointment "in the interests of justice." The Attorney General for the State of Montana has taken the position that appointment of counsel in misdemeanor cases is mandatory, assuming indigency, "unless the judge has weighed the seriousness and gravity of the offense and precludes imprisonment upon conviction, and informs the defendant of this before trial." A.G. Op. No. 36. This opinion is based on the United States Supreme Court case of Arsinger v. Hamlin (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530.

Thus, the crux of the issue is whether, after a determination of indigency, Judge Speare determined that these charges merited incarceration if convicted. Obviously, from the record and from the sentence he imposed, he did not entertain seriously incarceration as an appropriate sentence. His denial of court-appointed counsel was therefore proper.

Lastly, on this subject, no one has the constitutional right to counsel of choice. State v. Hartford (1982), 133 Ariz. 328, 651 P.2d 856. Those who require counsel are guaranteed the effective assistance of counsel, thus nullifying any need or right to choose among those qualified lawyers. Appointment of counsel is clearly a choice for the trial court.

CONCLUSION

We commend Skurdal on his efforts and participation in his government. We defend his right to hold a differing political and legal opinion. However, we repeat that the issues herein raised are now settled, and any further appeal of them in this Court will be deemed frivolous.

We decline to impose sanctions for frivolous appeals as per the request of the Big Horn County Attorney based on Skurdal I, supra. We do not reach the issue of what sanctions are appropriate for frivolous appeals as made by pro se litigants.

8

Finally, we do not reach Skurdal's question of whether Federal Reserve Notes are "dollars." His quarrel with the federal monetary system has no relevant bearing on any of the contested issues in this case regarding Skurdal's criminal liability. We hold that Skurdal may promptly pay his $350 traffic fine to Big Horn County in any form of lawful United States money.

Judgment affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
Justices

9