No. 93-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

WALTER W. SCHAIBLE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Broadwater,
The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Walter W. Schaible, Pro Se, Toston, Montana

      For Respondent:

      Hon. Joseph P. Mazurek, Attorney General, Brenda
Nordlund, Assistant Attorney General, Helena,
Montana

**FILED**

Filed:    JUN 3 0 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   June 23, 1994

Decided:   June 30, 1994

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Appellant Walter W. Schaible, appearing pro se, appeals from his conviction in the First Judicial District Court, Broadwater County, of operating a motor vehicle without liability protection in effect in violation of § 61-6-301, MCA. We affirm.

Appellant was cited into Justice Court No. 1, Broadwater County, for operating a motor vehicle without liability protection (in other words, no insurance). He requested the appointment of counsel to represent him and counsel was appointed. He was found guilty of the offense and fined a total of $265.

On appeal to the District Court for a trial de novo, appellant again requested appointment of counsel; the court denied the request on the basis that no jail time would be imposed in the event of a conviction. After a bench trial on October 12, 1993, the District Court found appellant guilty of the offense and ordered payment of a fine in the same amount imposed by the Justice Court. The court held payment of the fine in abeyance pending appeal to this Court. This appeal followed.

Appellant apparently presents a constitutional challenge to § 61-6-301, MCA, citing the Ninth Amendment to the United States Constitution. Other portions of his argument may touch on taxation and equal protection of the laws. Appellant cites no authority for his arguments, which are premised, in large part, on the concepts that constitutional rights are absolute and that the State of Montana has no authority to impose a mandatory automobile insurance

2

requirement.

We recognize the sincerity of appellant's beliefs and defend his right to hold them. Those beliefs, however, are not supported by any controlling legal authorities we have discovered, including this Court's cases.

We previously have rejected arguments similar to those advanced by appellant here. In State v. Skurdal (1988), 235 Mont. 291, 294, 767 P.2d 304, 306-07, we clarified "the basic premise that constitutional rights are not always absolute; rather, there are just constitutional safeguards which must first be met before a government may infringe on an individual's rights." Furthermore, "one's ability to travel on public highways is always subject to reasonable regulation by the state in the valid exercise of its police power." Skurdal, 767 P.2d at 307.

More specifically, we have applied the following analysis in rejecting similar constitutional challenges to Montana's vehicle license, driver's license and proof of insurance requirements:

> The United States Supreme Court in 1837 recognized that state and local governments possess an inherent power to enact reasonable legislation for the health, safety, welfare, or morals of the public. . . . This Court has also recognized that such a police power exists even though the regulation may frequently be an infringement of individual rights. . . . Regulations that are formulated within the state's police power will be presumed reasonable absent a clear showing to the contrary.

City of Billings v. Skurdal (1986), 224 Mont. 84, 87, 730 P.2d 371, 373 (citations omitted); State v. Deitchler (1982), 201 Mont. 70, 72, 651 P.2d 1020, 1021-22 (citations omitted).

We conclude that appellant has not shown that § 61-6-301, MCA,

3

is an unreasonable exercise of the state's police power. We hold, therefore, that appellant's constitutional rights were not violated by requiring him to have liability protection in effect when operating a motor vehicle.

AFFIRMED.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4