No. 94-144

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

DEAN WADE FOLDA,

      Defendant and Appellant

FILED

NOV 21 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Dean Wade Folda, Pro Se, Billings, Montana

      For Respondent:

      Hon. Joseph P. Mazurek, Attorney General,
Brenda Nordlund, Assistant Attorney General,
Helena, Montana

      Dennis Paxinos, Yellowstone County Attorney,
Carol Donaldson, Deputy County Attorney,
Billings, Montana


Submitted on Briefs: October 28, 1994

Decided: November 21, 1994

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Dean Wade **Folda** was convicted in Yellowstone County Justice Court of four counts of operating a motor vehicle without liability insurance, in violation of § 61-6-304, MCA; four counts of operating an unregistered motor vehicle, in violation of § 61-3-301, MCA; and one count of not wearing a **seatbelt** while operating a motor vehicle, in violation of § 61-13-103, MCA. **Folda** was convicted in Billings City Court of four counts of operating a motor vehicle without liability insurance, in violation of § 61-6-304, MCA; four counts of operating an unregistered motor vehicle, in violation of § 61-3-301, MCA; and two counts of not wearing a **seatbelt** while operating a motor vehicle, in violation of § 61-13-103, MCA. On appeal to the Thirteenth Judicial District Court for Yellowstone County, the charges originating in Billings City Court were consolidated and the charges which originated in Yellowstone County Justice Court were consolidated separately. Bench trials were held on both appeals: **Folda** was convicted in both cases and appeals his convictions. We affirm the judgments of the District Court.

The issue on appeal is:

Were **Folda's** constitutional or statutory rights violated as a result of his multiple convictions?

### FACTUAL BACKGROUND

**Folda** was cited in Yellowstone County Justice Court for four counts of operating a motor vehicle without liability insurance, in violation of § 61-6-304, MCA; four counts of operating an

unregistered motor vehicle, in violation of § 61-3-301, MCA; and one count of not wearing a **seatbelt** while operating a **motor** vehicle, in violation of § 61-13-103, MCA. **Folda** was cited in Billings City Court for four counts of operating a motor vehicle without liability insurance, in violation of § 61-6-304, MCA; four counts of operating an unregistered motor vehicle, in violation of § 61-3-301, MCA; and two counts of not wearing a **seatbelt** while operating a motor vehicle, in violation of § 61-13-103, MCA.

**Folda** contends that since he is a "**free**" man who is no longer a Fourteenth Amendment citizen, he is not required to register his vehicle, wear a seatbelt, or maintain liability insurance. **Folda** also asserts that he is not required to abide by any state or federal laws.

After bench trials, **Folda** was convicted in Yellowstone County Justice Court and Billings City Court on all counts.

On appeal to the Thirteenth Judicial District Court, bench trials were again held pursuant to both appeals; **Folda** did not cross-examine any opposing witnesses, nor did he offer any evidence on his own behalf. **Folda** was convicted in both cases. He was fined $125 and sentenced to ten days in jail (which would be suspended upon the completion of eight hours of community service), for each count of operating a motor vehicle without liability insurance. He was fined $100 for each count of operating an unregistered vehicle. Finally, he was fined $10 for each count of driving without a seatbelt. The District Court also found that **Folda** is unable to pay the fines.

3

DISCUSSION

Were Folda's constitutional or statutory rights violated as a result of his multiple convictions?

When we review the constitutionality of a legislative enactment, we will **presume** the statute to be constitutional and will uphold the statute on review except when it is proven to be unconstitutional beyond a reasonable doubt. *State v. Lilburn* (Mont. 1994), 875 P.2d 1036, 1039, 51 St. Rep. 507, 508 (citing *City of Billings v. Laedeke* (1991), 247 Mont. 151, 154, 805 P.2d 1348, 1349).

Folda contends that since he is *a* "free" *man* who is *no* longer a Fourteenth Amendment citizen, he no longer has to abide by any state or federal laws, including registering his vehicle or maintaining liability insurance for his vehicle. Folda also argues that in order to be prosecuted for a statutory violation, a person must injure or damage other persons or property and that, in this case, he has done neither.

In 1837, the United States Supreme Court held that state and local governments have an inherent power to enact regulations concerning the health, safety, welfare, and **morals** of the public. *Charles River Bridge v. Warren Bridge Co.* (1837), 36 U.S. (11 Pet.) 420 L. Ed. 773). We relied on this decision in *City of Billings v. Skurdal* (1986), 224 Mont. 84, 87, 730 P.2d 371. We have recognized that regulations enacted pursuant to the state's police power "[w]ill be presumed reasonable absent a clear showing to the contrary." *Skurdal*, 730

4

P.2d at 373 (quoting *Bettey* v. *City of Sidney* (1927), 79 Mont. 314, 319, 257 P. 1007, 1009).

Operation of a motor vehicle and abiding by the regulations and statutory licensing procedures that follow is a privilege. *State v.* Skurdal (1988), 235 Mont. 291, 295, 767 P.2d 304, 307. An individual's ability or privilege to operate a motor vehicle on public roads is "[a]lways subject to reasonable regulation by the state in the valid exercise of its police power." *Skurdal,* 767 P.2d at 307 (quoting *Gordon v. State* (Idaho 1985), 697 P.2d 1192, 1193). Reasonable regulations include Montana's requirements for vehicle registration, insurance, and mandatory seatbelt usage. "[This] . . . privilege . . . [of operating a motor vehicle on public roads] may be revoked for noncompliance [with statutory regulations] . . . ." *Skurdal,* 767 P.2d at 307.

The statutes that Folda violated "[a]re regulatory in nature and no person in the state is exempt from [regulatory statutes] . . . ." *City of Whitefish v. Hansen* (1989), 237 Mont. 105, 107, 771 P.2d 976, 977. Persons are not exempt from regulatory statutes, even if they claim they are "free" men who are not Fourteenth Amendment citizens and do not have to obey state or federal law.

We conclude that Folda has not shown that §§ 61-6-304, 61-3-301, and 61-13-103, MCA, are unreasonable or unconstitutional. We conclude that neither Folda's statutory nor constitutional rights were violated by requiring him to register his vehicle, carry liability insurance, or wear a seatbelt. We conclude that

5

Folda's argument is without merit and affords no basis for relief. The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices