STATE of North Dakota, Plaintiff
and Appellee,

v.

John Wayne ERTELT, Defendant
and Appellant.

Criminal No. 950333.

Supreme Court of North Dakota.

May 29, 1996.

Rehearing Denied June 27, 1996.

Robin Huseby, State's Attorney, Valley City, for plaintiff and appellee.

John Wayne Ertelt, Oriska, pro se.

VANDE WALLE, Chief Justice.

John Wayne Ertelt has appealed from a criminal judgment and from an order denying his motion in arrest of judgment. We affirm in part, reverse in part, and remand.

Ertelt was involved in a motor vehicle accident on July 15, 1995. He was charged with failing to yield the right of way, in violation of § 39–10–22, N.D.C.C., a noncriminal administrative traffic offense, and with driving without liability insurance, in violation of § 39–08–20, N.D.C.C., a class B misdemeanor. After a bench trial on both offenses,[1] the court found Ertelt guilty of both offenses. The trial court entered one criminal judgment imposing penalties for both offenses.

Ertelt filed a motion in arrest of judgment, which the trial court denied. Ertelt appealed the criminal judgment and the order denying his motion in arrest of judgment. Ertelt's briefs and oral argument raise two issues for the court to consider on appeal—the legislature's authority to require drivers to have liability insurance, and the appropriateness of including the penalty imposed for the noncriminal offense in the criminal judgment.

■ Section 39–08–20, N.D.C.C., provides that a person may not drive a motor vehicle without a valid policy of liability insurance in effect, and that a violation is a class B misdemeanor. Ertelt contends that "the state . . . has never been granted the authority to impose criminal penalties for the failure to enter into a commercial contract with a third party." Ertelt is not being punished "for the failure to enter into a commercial contract"; he is being punished for driving a motor vehicle without having liability insurance. The acquisition of insurance will require him

to contract with an insurance company, not unlike the requirement of safety equipment may cause the owner of a factory to enter into a contract with a supplier to purchase that equipment. It is of no constitutional consequence.

■ Unlike the United States Constitution, which "is an instrument of grants of authority" to enact legislation (see Art. I, § 8, U.S. Const.), our North Dakota Constitution "is an instrument of limitations of authority" to enact legislation (see Art. IV, § 13, N.D. Const.). State v. Anderson, 427 N.W.2d 316, 318 (N.D.), cert. denied, 488 U.S. 965, 109 S.Ct. 491, 102 L.Ed.2d 528 (1988). "The North Dakota Legislature thus has plenary powers except as limited by the state constitution, federal constitution, and congressional acts, [ ], and treaties of the United States." Id. A statute is presumptively correct and valid, enjoying a conclusive presumption of constitutionality unless clearly shown to contravene the state or federal constitution. Haney v. North Dakota Workers Compensation Bureau, 518 N.W.2d 195 (N.D.1994).

■ Under this State's police power, the legislature may "impose such restrictions upon private rights as are practically necessary for the general welfare of all." State v. Cromwell, 72 N.D. 565, 9 N.W.2d 914, 919 (1943). "[A] large discretion is necessarily vested in the legislature, to determine not only what the interests of the public require, but what measures are necessary for the protection of such interests." Id.

■ Use of the public highways is not an absolute right, but a privilege subject to the control of the State in the valid exercise of its police power. State v. Stuart, 544 N.W.2d 158 (N.D.1996); State v. Zimmerman, 539 N.W.2d 49 (N.D.1995); State v. Kouba, 319 N.W.2d 161 (N.D.1982). Requiring a motor vehicle operator to carry liability insurance is a reasonable regulation under a state's police power and does not violate the operator's constitutional rights. State v. Folda, 267 Mont. 523, 885 P.2d 426 (1994). We conclude that requiring motor vehicle operators to car-

---

1. Trying criminal and civil matters together presents obvious practical problems because of the differing burdens of proof. We affirm Ertelt's

criminal conviction, however, as it involved only a legal issue, and no factual issues.

ry liability insurance is a valid exercise of the State's police power and that Ertelt has not shown that § 39–08–20, N.D.C.C., violates any of his state or federal constitutional rights. We, therefore, affirm Ertelt's conviction for driving a motor vehicle without liability insurance.

■ The criminal judgment entered in this case contained a penalty for Ertelt's criminal conviction for violation of § 39–08–20, N.D.C.C., a class B misdemeanor. It also imposed a penalty for Ertelt's violation of the noncriminal offense of failing to yield the right of way. Ertelt contends that including a penalty for a noncriminal offense in a criminal judgment was reversible error. The State contends that disposing of both the criminal offense and the noncriminal offense in one criminal judgment "affects the appellant's right to no degree" and if it was error at all, it was harmless error under Rule 52, N.D.R.Crim.P., "as it does not affect any substantial rights of the defendant."

■ Section 39–10–22, N.D.C.C., declares a right-of-way rule for an intersection not controlled by a traffic-control device. Because a violation of § 39–10–22, N.D.C.C., is not listed in § 39–06.1–05, N.D.C.C., a person charged with violating it is "deemed to be charged with a noncriminal offense." Section 39–06.1–02, N.D.C.C. A person charged with a noncriminal traffic offense may pay the statutory fee or post and forfeit bond without a hearing under § 39–06.1–02, N.D.C.C., or may have an administrative hearing before an official, defined by § 39–06.1–03(7), N.D.C.C., as "a municipal judge, or a magistrate or other qualified person appointed by the presiding judge of the judicial district." [2] Ertelt requested such a hearing but it was combined with the criminal trial for driving without liability insurance. A person aggrieved by a finding that he or she committed the violation may "appeal that finding to the district court for trial anew." Section 39–06.1–03(5)(a), N.D.C.C. The "trial anew" means "a new trial and not a de novo review on the record." *Zahn v. Graff*, 530 N.W.2d 645, 646 (N.D.1995). There is no further appeal. Section 39–06.1–03(5)(a), N.D.C.C.

■ Section 39–06.1–03(5)(a), N.D.C.C., provides a person found to have committed a noncriminal traffic violation thirty days within which to appeal for trial anew. Rule 4(b), N.D.R.App.P., allowed Ertelt ten days from entry of the order denying his motion in arrest of judgment to appeal to this court from the criminal judgment and the order denying his motion in arrest of judgment. When an appeal is taken to this court, this court's jurisdiction attaches, *Orwick v. Orwick*, 152 N.W.2d 95 (N.D.1967), and the trial court loses jurisdiction over the matter, *State v. Meier*, 422 N.W.2d 381 (N.D.1988). When Ertelt timely appealed the judgment of conviction of the criminal offense of driving without liability insurance, this court's jurisdiction attached, the trial court lost jurisdiction over the matter, and Ertelt was unable to appeal to the district court for trial anew the portion of the judgment finding that he committed the noncriminal traffic violation of failing to yield the right of way. Thus, the trial court's inclusion of the penalty for the noncriminal traffic violation in the criminal judgment prejudiced Ertelt's right to appeal the noncriminal finding. We reverse and remand that part of the criminal judgment forfeiting Ertelt's bond for the noncriminal violation.

The criminal judgment and order denying Ertelt's motion in arrest of judgment are affirmed insofar as they penalize Ertelt for the criminal offense of driving a motor vehicle without liability insurance. The judgment and order are reversed insofar as they forfeit Ertelt's bond for the noncriminal offense of failing to yield the right of way, and the matter is remanded for entry of an appropriate noncriminal judgment, order, or finding from which Ertelt may, if he chooses, exercise his right of appeal under § 39–06.1–03(5)(a), N.D.C.C.

(N.D.1996).

---

**2.** Such a person's options are more fully described in *State v. Stuart,* 544 N.W.2d 158, 161

SANDSTROM, NEUMANN and MESCHKE, JJ., concur.

The Honorable Mary Muehlen Maring was not a member of the Court when this case was heard and did not participate in this decision.