No. 96-332

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

        Plaintiff and Respondent,

v.

DELLIVAN THORNTON,

        Defendant and Appellant.

**FILED**

JUL 2 3 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District, In and for the County of Flathead, the Honorable Ted O. Lympus, Judge Presiding.

COUNSEL OF RECORD:

    For Appellant:

        Dellivan Thornton (pro se), Lakeside, Montana

    For Respondent:

        Honorable Joseph P. Mazurek, Attorney General; John Paulson, Assistant Attorney General, Helena, Montana

        Glen Neier, City Attorney, Kalispell, Montana

Submitted on Briefs: June 19, 1997

Decided: July 23, 1997

Filed:

_Ed Smith_
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Companies.

Dellivan Thornton, pro se, appeals from the judgment and sentence of the Eleventh Judicial District Court, Flathead County, where a jury found him guilty of driving under the influence of alcohol (DUI). We affirm.

Thornton raises the following issues on appeal:

1. Did the City of Kalispell interfere with Thornton's right to obtain exculpatory evidence when it required him to obtain a physician's referral before he would be transported to the hospital for an independent blood test?

2. Did the District Court improperly sentence Thornton and deny him a court-appointed attorney and stay of sentence?

3. Did the District Court err when it refused to consider Thornton's motion to disqualify?

4. Should the DUI charge be dismissed because of lost evidence and missing court papers?

## BACKGROUND

Thornton has not provided this Court with a trial transcript as required by Rule 9(a), M.R.App.P. Therefore, we base our decision on the District Court file and trial exhibits. These documents indicate that Thornton was arrested for DUI by the Kalispell City Police. At booking, Thornton agreed to take a breath test which indicated a breath alcohol concentration of .176. Thornton requested an independent blood test. A Kalispell police officer called the hospital and was informed that Thornton needed a doctor's authorization for the test. The police allowed Thornton approximately thirty minutes to locate a physician, but Thornton was unsuccessful and ultimately did not obtain a blood test.

Thornton was convicted of DUI in Kalispell City Court. He appealed, pro se, to District Court for a trial de novo. Thornton moved to disqualify the District Judge, but the motion was returned with an explanation that it was untimely and that it failed to comply with § 3-1-805, MCA. Thornton was convicted of DUI by a jury in District Court.

Thornton appeals.

## DISCUSSION

1.     Did the City of Kalispell interfere with Thornton's right to obtain exculpatory evidence when it required him to obtain a physician's referral before he would be transported to the hospital for an independent blood test?

This Court does not review issues which were not properly preserved for appeal in the court below. State v. Swoboda (1996), 276 Mont. 479, 481, 918 P.2d 296, 298. A criminal defendant waives an issue on appeal when he fails to raise the issue at the district court level

3

where he appeared pro se. City of Billings v. Skurdal (1986), 224 Mont. 84, 88, 730 P.2d 371, 373.

Thornton argues that the police impeded his right to obtain an independent blood test by requiring a physician's referral before transporting him to the hospital for the test. Based on the record before this Court, Thornton failed to preserve for appellate review any issue regarding his request for an independent blood test because he did not raise the issue in the lower court proceedings. This Court's review of allegations on direct appeal is confined to the record. Section 46-20-701, MCA. We decline to further address Issue 1.

2.    Did the District Court improperly sentence Thornton and deny him a court-appointed attorney and a stay of sentence?

Thornton maintains that he was improperly sentenced while he was away from the courtroom, and that he was denied a court-appointed attorney and a stay of sentence. A review of the record demonstrates that Thornton did not present this argument to the District Court. We decline to further address Issue 2 on appeal.

3.    Did the District Court err when it refused to consider Thornton's motion to disqualify?

Thornton claims that the District Judge should have been disqualified because of his bias and prior contacts with Thornton and his family. Except for Thornton's untimely motion to disqualify the District Judge, there is no record that Thornton complied with Montana's statutory requirements for disqualification of judges contained at § 3-1-805, MCA. The District Court file contains a minute entry setting trial for April 29, 1996.

4

Thornton filed an untimely document entitled "Motion to Disqualify" on April 17, 1996, seeking to disqualify the District Judge.

The District Court refused Thornton's motion for disqualification, finding that it was untimely and did not meet the statutory requirements of § 3-1-805, MCA. The statute requires an affidavit for disqualification to be filed more than thirty days before trial and to be accompanied by an affidavit showing personal bias or prejudice.

This Court will uphold a district court's refusal of a motion to disqualify when the motion does not meet statutory requirements. State v. Langford (1994), 267 Mont. 95, 882 P.2d 490. Thornton presents no argument or authority to explain how the District Court erred. We conclude the District Court did not err when it refused to consider Thornton's motion to disqualify.

4.    Should the DUI charge be dismissed because of lost evidence and missing court papers?

The record does not support Thornton's remaining contentions regarding requests for other counsel, judicial prejudice, lost evidence, or missing pleadings. This Court is not obligated to refute bald assertions absent specific argument or authority. State v. Smith (1986), 220 Mont. 364, 382, 715 P.2d 1301, 1312.

Affirmed.

_____
Chief Justice

5

We concur:

Karla M. Gray

William E. Hunt Sr.

Jim Rice

W. William Leaphart
Justices

July 23, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

DELLIVAN THORNTON
P O  BOX 550
LAKESIDE MT  59922-0550

HON. JOSEPH P. MAZUREK, ATTORNEY GENERAL
JOHN PAULSON, ASSISTANT
JUSTICE BUILDING
HELENA MT  59620

Glen Neier
Kalispell City Attorney
317 HARRISON BLVD
KALISPELL MT  59901

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy