ROTH, Judge
(concurring in the result):
[ 5 The majority resolves this case against the appellant for lack of jurisdiction based on their conclusion that "the district court did not rule on the constitutionality of Utah Code section 53-2-202, the statute under which Fackrell was charged." I do not agree that Fackrell failed to raise a constitutional challenge to the statute or that the district court did not rule on that constitutional challenge.
T6 The majority acknowledges that Fack-rell alleged in his district court motion to dismiss "that prosecution of traffic offenses in general 'falls outside the stated purpose of the government of the State of Utah (Utah Constitution, Article I, sections 2 and 3)" but then concludes that "the motion did not articulate a constitutional challenge to a specific statute." By claiming that the state government lacked constitutional authority to "prosecute[][1] traffic offenses" generally, Fackrell necessarily challenged its authority to enact Utah Code section 53-2-202, the particular offense with which he was charged and for which he was convicted.
T7 The majority also concludes that "the district court did not rule on the constitutionality of a statute." Because resolution of the constitutional question of the State's authority to enact the law at issue was a threshold issue in this case, the district court could not avoid ruling on it, and therefore its silence cannot properly be regarded as a failure to resolve the issue. Rather, by reaching and ruling on Fackrell's corpus delecti issue, the court necessarily decided that the State had authority to enact and prosecute the particular traffic offense. The court therefore nee-essarily ruled against Fackrell on the constitutional issue he raised.
1 8 Because I believe that Fackrell raised a challenge to the statute, however inartfully, and the district court ruled against him on that challenge, I cannot agree with the reasoning for the majority's decision.[2] Nevertheless, I concur in the result, because I also believe that Fackrell's challenge to the State's constitutional authority to enact and enforce traffic laws is without merit. See generally City of Salina v. Wisden, 737 P.2d 981 (Utah 1987).

. While Fackrell uses the word "prosecute" here, in context it seems reasonable to interpret his claim to be a constitutional challenge to the State's authority to enact traffic laws generally, not simply to its right to actually "prosecute" traffic offenses it has otherwise lawfully enacted.

. The sparseness of Fackrell's presentation and argument of the issue to the district court may also raise a preservation question, but that is not the basis for the majority's decision.