FILED

March 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0229

DA 14-0229

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 87N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

BRENT  WRENSHALL JACKSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and For the County of Flathead, Cause No. DC-13-177A
                     Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Brent Wrenshall Jackson (self-represented); Kalispell, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K. Plubell, Assistant
            Attorney General; Helena, Montana

            Ed Corrigan, Flathead County Attorney, Caitlin Overland, Deputy County
            Attorney; Kalispell, Montana

Submitted on Briefs:  January 28, 2015
           Decided:  March 17, 2015

Filed:

                                                          Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brent Wrenshall Jackson appeals from the order of the Eleventh Judicial District Court, affirming the judgment of the Flathead County Justice Court. We affirm.

¶3 On August 14, 2012, a Montana State Highway Patrol Trooper stopped Jackson on Whitefish Stage Road in Flathead County for driving with studded snow tires out of season. He issued citations to Jackson for driving without a valid driver's license and operating a motor vehicle without proof of insurance. The citation ordered Jackson to appear in Justice Court in Flathead County on August 24, 2012.

¶4 Jackson filed several motions to dismiss in Justice Court. In his first motion he argued that, under § 46-11-101(1), MCA, the State may only commence a prosecution after filing a "formal" complaint, rather than the "informal" notice to appear and complaints that accompanied his traffic citations.

¶5 As to his second motion, the Justice Court summarized the reasons Jackson believed his motion to dismiss should be granted as:

> (1) Defendant is not charged with an offense promulgated by the Department of Justice, Motor Vehicle Division; (2) there are no administrative rules promulgated by the Department of Justice regarding the rights of natural persons as natural persons, and under the constitution, to travel on public rights of way; (3) that the Federal Administrative Procedure Act is similar to the Montana Administrative Procedure Act; (4) that regulations promulgated under an administrative procedure act have the force of law; and (5) the failure

2

of the Department of Justice to promulgate administrative rules concerning natural and constitutional rights of natural persons to travel public rights of way or easements within Montana means that the statutes under which Defendant is charged lack the force of law.

¶6 The Justice Court denied the first motion because § 46-11-101, MCA, does not distinguish between "formal" and "informal" complaints, and because § 46-6-310, MCA, expressly authorizes the commencement of prosecution by notice to appear. The Justice Court denied the second motion because both offenses were misdemeanors and justice courts have jurisdiction over misdemeanors under § 3-10-303(1)(a), MCA, and because Jackson offered no authority stating that the legislature cannot enact enforceable criminal offenses.

¶7 Prior to trial, Jackson entered an *Alford* plea to the charge of driving without a license, reserving his right to appeal the Justice Court's denial of his motions to dismiss to the District Court. The State dismissed the charge of operating a motor vehicle without proof of insurance. The Justice Court sentenced Jackson to pay a fine of $85.

¶8 On appeal to the District Court, Jackson raised four issues, which he essentially repeats here: (1) whether the Justice Court erred in its refusal to make a probable cause ruling prior to charges being filed; (2) whether Montana Code may be enforced without an Administrative Rule for its enablement; (3) whether the State needed to first file the charges with the Department of Motor Vehicles (DMV); and (4) whether a person has a constitutional right to operate a motor vehicle upon a public roadway without a driver's license. The District Court affirmed the Justice Court on each issue.

¶9 On appeal of a district court's review of a justice court's judgment, we review the appeal as if it had been originally filed in this court. *State v. Luke*, 2014 MT 22, ¶ 9, 373

Mont. 398, 321 P.3d 70. We review the justice court's conclusions of law de novo. *Luke*, ¶ 9.

¶10 We agree with the District Court that the Justice Court properly denied Jackson's motions to dismiss. We will briefly address each issue in turn.

¶11 First, a notice to appear in justice court is sufficient to commence a prosecution under § 46-6-310, MCA. A separate probable cause hearing is not required to commence prosecution for a misdemeanor in justice court. *See State v. Ditton*, 2009 MT 57, ¶¶ 26-28, 349 Mont. 306, 203 P.3d 806.

¶12 Second, the power to enact criminal statutes to protect public safety is the province of the legislature. *State v. Webb*, 2005 MT 5, ¶ 37, 325 Mont. 317, 106 P.3d 521. Mont. Const. Art. II, § 28(1). Here, the legislature properly enacted § 61-5-102(1), MCA, requiring drivers to be licensed. No authority requires the DMV to promulgate an administrative regulation in order to render the statute enforceable.

¶13 Third, the Justice Court had jurisdiction to hear the misdemeanor case against Jackson under § 3-10-303(1)(a), MCA. No authority requires the State to file charges of driving without a license and operating a motor vehicle without proof of insurance with the DMV before filing them in justice court.

¶14 Fourth, operating a motor vehicle (even a privately owned, non-commercial motor vehicle) on a public roadway is a revocable privilege, not a constitutional right, and it is subject to reasonable regulation by the State in exercise of its police power to protect public safety. *State v. Skurdal*, 235 Mont. 291, 295, 767 P.2d 304, 307 (1988). Jackson's

4

contention that his constitutional rights were violated by the Justice Court's refusal to dismiss the charges against him is without merit.

¶15 The Justice Court properly denied Jackson's motions to dismiss and the District Court properly affirmed that denial.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the Justice Court and District Court correctly interpreted. Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE