No. 95-005

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

LAURA MAVIS GRAHAM,

      Defendant and Appellant.

**FILED**

JUN 27 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Marcia M. Jacobson, Attorney at Law, Missoula
County Public Defenders Officer, Missoula, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
Kathy Seeley, Assistant Attorney General,
Helena, Montana

        Robert L. "Dusty" Deschamps III, Missoula
County Attorney, Karen M. Townsend, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:   June 1, 1995

Decided:   June 27, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Laura Mavis Graham appeals from an order of the Fourth Judicial District Court, Missoula County, denying her motion to suppress evidence gathered without a search warrant.

We reverse.

The dispositive issue on appeal is:

Did the District Court err in denying appellant's motion to suppress evidence seized from her purse following her arrest?

Appellant was a passenger in a car which was stopped by Deputy Estill in a Safeway parking lot in Missoula. Upon discovering that the driver had a suspended driver's license, Estill arrested the driver and called for backup. It was also discovered that there were outstanding warrants against appellant. Deputy Hintz responded to Estill's call for backup and arrested appellant on the outstanding warrants. A neighbor was contacted to retrieve the car. Deputy Tillman agreed to stay with the car until the neighbor arrived.

Appellant asked that her purse be left in the car because it contained food stamps that her children would need. Tillman went back to the car and retrieved appellant's purse which he gave to Hintz to take to the station. Narcotics were discovered in appellant's purse when it was searched at the jail without a warrant. Appellant was charged with criminal possession of dangerous drugs under § 45-9-102, MCA.

2

Appellant filed a motion to suppress all evidence obtained as a result of the warrantless search of her purse. The District Court denied appellant's motion. Appellant reserved her right to appeal the suppression issue and entered a guilty plea to criminal possession of dangerous drugs under § 45-9-102, MCA. Appellant was found guilty of the charged offense and received a deferred sentence. It is from the District Court's judgment that appellant appeals.

Did the District Court err in denying appellant's motion to suppress evidence seized from her purse following her arrest?

We review a district court's ruling on a motion to suppress to determine whether there is substantial credible evidence to support the court's findings of fact, and whether the court correctly applied the findings as a matter of law. State v. Stubbs (Mont. 1995), 892 P.2d 547, 550, 52 St. Rep. 232, 233. In addition, we determine whether the district court's interpretation and application of the law is correct. Stubbs, 892 P.2d at 550.

Warrantless searches are considered unreasonable per se under the Fourth Amendment to the United States Constitution. Stubbs, 892 P.2d at 550 (citing State v. McCarthy (1993), 258 Mont. 51, 55, 852 P.2d 111, 113; citing Katz v. United States (1967), 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576). However, certain exceptions to the warrant requirement are recognized under federal and Montana law. Stubbs, 892 P.2d at 550; McCarthy, 852 P.2d at 113 (citing California v. Acevedo (1991), 500 U.S. 565, 111 S. Ct. 1982, 114

3

L. Ed. 2d 619). One of the recognized exceptions to the warrant requirement is a search incident to a lawful arrest. Chimel v. California (1969), 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685; Section 46-5-102, MCA. In Montana, a police officer may reasonably search a person lawfully arrested and the area within the person's immediate presence for the purpose of (1) protecting the police officer, (2) preventing the person from escaping, (3) discovering and seizing the fruits of the crime, or (4) discovering and seizing any person or things which may have been used in the commission of the offense. Section 45-5-102, MCA.

The District Court concluded that the warrantless search of appellant's purse fell within the search incident to a lawful arrest exception, and therefore, was a valid search. The State argues that appellant's purse, an item of personal property immediately associated with her person, was properly searched at the jail as an incident to her lawful arrest pursuant to New York v. Belton (1981), 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768. We disagree.

Appellant was arrested on outstanding city warrants for acts unrelated to the stop of the motor vehicle and the arrest of the driver. None of the four purposes set forth in § 46-5-102, MCA, which permit a warrantless search of the area within the arrestee's immediate presence is applicable. Searching appellant's purse would not have protected the arresting officer; would not have prevented appellant from escaping; would not have resulted in

4

discovering fruits of the crimes which resulted in the city warrants; and would not have resulted in the discovery of anything which may have been used in the commission of the offenses which resulted in the city warrants. Consequently, evidence gathered as a result of the warrantless search of appellant's purse should have been suppressed.

We hold that the District Court erred in denying appellant's motion to suppress evidence seized from her purse following her arrest.

We reverse.

_____
                Justice

We concur:


_____

_____

_____

_____
     Justices

5