No. 97-606

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 293

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KEVIN ALLEN,

Defendant and Appellant

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Edward P. McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant

Terry Wallace, Attorney at Law, Missoula, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Mark W. Mattioli,

Assistant Attorney General; Helena, Montana


Robert L. "Dusty" Deschamps III, Missoula County Attorney;

Missoula, Montana


Submitted on Briefs: May 28, 1998

Decided: December 3, 1998

Filed:

_____

Clerk


Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. The defendant, Kevin Allen, appealed to the District Court of the Fourth Judicial District in Missoula County from a conviction in Missoula County Justice Court for driving under the influence of alcohol and improper use of dealer plates. Allen made a motion to suppress evidence and the District Court denied it. Allen then pled guilty and reserved his right to appeal the denial of his motion to suppress. Following consideration of that appeal, we affirm the order of the District Court.**

**¶2. The sole issue on appeal is whether the District Court erred when it denied Allen's motion to suppress evidence.**

## FACTUAL BACKGROUND

**¶3. The parties have stipulated to the following facts:**

¶4. On December 16, 1997, Highway Patrol Officer Michael J. Burman initiated a traffic stop of Kevin Allen at approximately 2:45 p.m. Burman based the stop on his observation that Allen's vehicle did not have a front license plate.

¶5. He approached Allen's vehicle and explained the reason for the stop. When Burman asked Allen if he knew that there was no front license plate, Allen showed Burman a demonstrator plate from a used car dealership in Billings which had been inside his car. Burman explained to Allen that the plate had to be displayed and then ran a check on Allen's driver's license. He became suspicious that Allen was improperly using the demonstration plate and testified that at that time he intended to cite defendant for improper use of a dealer plate pursuant to § 61-4-103(4), MCA.

¶6. Burman returned to Allen's car and asked him to exit the vehicle to speak with Burman. As he explained the charges which were being made against Allen, Burman detected the odor of alcohol and asked Allen whether he had been drinking. Allen admitted to having two beers. Burman then asked Allen to perform roadside sobriety tests, to which Allen responded that he would like to consult with his lawyer. Burman told him that at that time he did not have the right to call his lawyer. Allen performed the tests, but Burman concluded that he had failed those tests, and placed Allen under arrest for DUI. After he was transported to the police department office, Allen provided a breath sample that measured his blood alcohol content at 0.13. The time was 3:50 p.m. He was then advised of his *Miranda* rights for the first time.

¶7. In Justice Court, Allen moved to suppress any statements he made prior to his arrest. He contended that he was in custody during Burman's roadside investigation, and that he was therefore entitled to a *Miranda*[1] warning. The motion was denied and Allen was convicted by a jury of DUI and improper use of dealer plates. On appeal to the District Court, he made the same motion to suppress, which was also denied. Allen eventually pled guilty to the DUI charge and reserved his right to appeal the denial of his motion to suppress; the improper use of dealer plates charge was dismissed.

## DISCUSSION

¶8. Did the District Court err when it denied Allen's motion to suppress evidence?

¶9. We review a district court's denial of a motion to suppress to determine whether

the court's interpretation and application of the law is correct. *See State v. Scheetz* (Mont. 1997), 950 P.2d 722, 724, 54 St. Rep. 1286, 1287; *State v. Graham* (1995), 271 Mont. 510, 512, 898 P.2d 1206, 1207-08.

¶10. Pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, a defendant is entitled to be informed of his right to remain silent and of his right to have an attorney present before an officer initiates a custodial interrogation. Allen contends that much of the State's evidence should be suppressed because he was not given a *Miranda* warning prior to Burman's investigation of whether he was driving under the influence of alcohol. The State, on the other hand, contends that Allen was not entitled to a *Miranda* warning prior to his arrest for DUI, and that any statements he made prior to that arrest, including those made during Burman's roadside investigation, were voluntary and not subject to constitutional protection.

¶11. The United States Supreme Court held in *Berkemer v. McCarty* (1983), 468 U.S. 420, 104 S. Ct. 3138, 82 L. Ed. 2d 317, that roadside questioning of a motorist detained pursuant to a routine traffic stop does not constitute a custodial interrogation subject to the procedural safeguards of *Miranda*. It distinguished a roadside detention from the kind of custodial situation with which *Miranda* was concerned, and stated that there is less of a danger that a motorist "will be induced to speak where he would not otherwise do so freely." *Berkemer*, 468 U.S. at 437, 104 S. Ct. at 3149, 82 L. Ed. 2d at 333 (quoting *Miranda*, 384 U.S. at 467, 86 S. Ct. at 1624, 16 L. Ed. 2d at 719). The Court ultimately concluded that most roadside detentions are analogous to "*Terry*[2] stops," in which an officer may briefly question a detainee to confirm or dispel his suspicions, but where the detainee is not obligated to respond, and that temporarily detained motorists are not in custody for purposes of *Miranda*. *See Berkemer*, 468 U.S. at 439-40, 104 S. Ct. at 3150, 82 L. Ed. 2d at 334-35.

¶12. In the recent decision of *Hulse v. Department of Justice*, 1998 MT 108, 961 P.2d 75, 55 St. Rep. 415, we also recognized the similarity of roadside administration of field sobriety tests to a *Terry* investigative stop. We held that an officer need only have a particularized suspicion, as opposed to probable cause, to conduct field sobriety tests, and gave the following example of facts which would give rise to a particularized suspicion:

[I]f an officer stops a driver for a broken taillight and upon approaching this driver the

officer does observe signs of intoxication, e.g., the driver's breath smells of alcohol . . . the officer would have a separate particularized suspicion that the individual was driving under the influence of alcohol, and, therefore, may administer field sobriety tests. If the driver should fail the field sobriety tests, the officer would then have probable cause to arrest this individual for driving under the influence of alcohol.

*Hulse*, ¶ 40. The facts of this case present a direct application of our example in Hulse. Based on the absence of an observable plate, the officer was justified in making his stop. Based on the odor of alcohol detected after the stop, he was justified in further investigation, including brief questioning and field sobriety tests.

**¶13. Allen argues that based on our decision in *State v. Ellinger* (1986), 223 Mont. 349, 355, 725 P.2d 1201, 1204, an interrogation is custodial if the person is not free to leave. *See also State v. Staat* (1991), 251 Mont. 1, 6-7, 822 P.2d 643, 646. He contends that because Burman had decided to charge Allen for improper use of a dealer plate, and because Allen was in fact not free to leave the scene, the officer's questions occurred while Allen was in custody and should have been preceded by a *Miranda* warning. The Court in *Berkemer* rejected this same argument, and so do we. *See Berkemer*, 468 U.S. at 436-37, 104 S. Ct. at 3148-49, 82 L. Ed. 2d at 332-33. Allen's detention cannot be distinguished from prior decisions involving traffic stops simply because in this case the officer had made a decision to charge Allen with a license plate violation. *See City of Billings v. Skurdal* (1986), 224 Mont. 84, 89, 730 P.2d 371, 373-74. The stop was still public, routine, and temporary in nature. Those critical facts distinguish it from "custodial" interrogations.**

**¶14. Based on the analyses and holdings in *Berkemer* and *Skurdal*, our own discussion of field sobriety tests in *Hulse*, and the facts of this case, we conclude that Allen was not entitled to a *Miranda* warning following his traffic stop and prior to his arrest for driving under the influence of alcohol. We affirm the District Court's denial of his motion to suppress.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

1. [1]*Miranda v. Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694

2. [2]*Terry v. Ohio* (1968), 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889