JUSTICE McKINNON,
specially concurring.
¶22 The Court resolves this case by finding that McKeever did not have an expectation of privacy in the contents of a pill bottle secreted within his clothingbecause he was silent when asked by police whether the pill bottle was his, and because the pill bottle had another person’s name on it. The District Court found that the contents of the pill bottle would have inevitably been discovered pursuant to the inventory search exception to the warrant requirement. I would affirm on this basis, relying on our decision in State v. Hilgendorf, 2009 MT 158, ¶ 27, 350 Mont. 412, 208 P.3d 401, reaffirmed in State v. Demontiney, 2014 MT 66, ¶ 17, 374 Mont. 211, 324 P.3d 344.
¶23 The Court’s analysis is flawed for several reasons. First, the Court ignores that the pill bottle was actually found on McKeever’s person, secreted in the cuff of his clothing. To determine if a search has occurred, the court considers (1) “whether the person challenging the state’s action has an actual subjective expectation of privacy” and (2) “whether society is willing to recognize that subjective expectation as objectively reasonable ... .” State v. Goetz, 2008 MT 296, ¶ 27, 345 Mont. 421, 191 P.3d 489. We stated in State v. Elison, 2000 MT 288, ¶ 49, 302 Mont. 228, 14 P.3d 456, that “[pjlacing an object beyond the purview of the public in a place from which the person has the right to exclude others evidences an actual or subjective expectation of privacy.” By placing the pill bottle within the folds of his pants, and thus beyond the purview of the public, McKeever manifested an expectation of privacy in the pill bottle — just as one who places a wallet *450 in a pocket manifests an expectation of privacy in both the pocket and the wallet. In considering the second factor, this Court has recognized that expectations of privacy in the contents of closed containers are objectively reasonable. State v. Hamilton, 2003 MT 71, ¶ 23, 314 Mont. 507, 67 P.3d 871 (recognizing objectively reasonable expectation of privacy in a lost wallet); State v. Lanegan, 2004 MT 134, ¶ 19, 321 Mont. 349, 91 P.3d 578 (affirming suppression of a search of a fanny pack); State v. Graham, 271 Mont. 510, 513, 898 P.2d 1206, 1208 (1995) (suppressing search of purse). Moreover, the Fourth Amendment does not distinguish between containers worthy of protection. United States v. Ross, 456 U.S. 798, 822, 102 S. Ct. 2157, 2171 (1982).
¶24 We conclude that McKeever does not have a reasonable expectation of privacy in the contents of bottle because the name on the prescription was not his. Opinion, ¶ 18. However, we recognized in State v. Bullock, 272 Mont. 361, 372-73, 901 P.2d 61, 68-69 (1995), that a person may contest the legality of a search when the crime involves an allegation of a possessoiy interest in the property seized. In Bullock, we allowed a Fourth Amendment challenge where Bullock was charged with illegally possessing a game animal found on Bullock’s co-defendant’s property.
¶25 The Court’s analysis is also flawed in finding that McKeever “expressly disclaimed knowledge of where the bottle came from or how it got into his cuff.” Opinion, ¶ 18. The officer’s testimony on this point is far from precise. At the suppression hearing, when asked how McKeever responded to questions about the pill bottle, the officer testified, “Basically, he indicated I don’t know,” “His reply was essentially I don’t know,” and “[H]e was evasive in his answers: I don’t know or didn’t answer.” Testimony that McKeever “basically” or “essentially” “indicated” — likely nonverbally — that he would not or could not answer the officer’s questions does not establish that he “expressly disclaimed knowledge” regarding the pill bottle. Preliminarily, the State has presented no authority that mere silence proves intent to abandon, nor has the Court based its conclusion that silence evidences abandonment upon any authority. Cf State v. 1993 Chevrolet Pickup, 2005 MT 180, ¶ 15, 328 Mont. 10, 116 P.3d 800 (leaving trash for third parly to pick up evidences abandonment). In contrast, however, there is well-established authority that a defendant does not have to incriminate himself in order to preserve and assert a Fourth Amendment violation. See Simmons v. United States, 390 U.S. 377, 394, 88 S. Ct. 967, 976 (1968); State v. Isom, 196 Mont. 330, 339, 641 P.2d 417, 422 (1982). The Court’s conclusion that a defendant must relinquish his right to remain silent in order to raise a Fourth Amendment challenge to an item removed from his clothing is at odds *451 with well-established jurisprudence that a mere disclaimer of ownership in an effort to avoid making an incriminating statement in response to police questioning should not alone be deemed to constitute abandonment. See 2 Wayne R. LaFave et al., Criminal Procedure § 3.2(h), 93-94 (3d ed. 2007). Given the position that a defendant does not otherwise have to incriminate himself to preserve his Fourth Amendment rights, Simmons, 390 U.S. at 394, 88 S. Ct. at 976, it is difficult to understand how a refusal to make incriminating admissions in response to police interrogation can be held to deprive a person of Fourth Amendment standing.
¶26 In denying McKeever’s motion to suppress, the District Court concluded that “since [McKeever] was under arrest at the station and placed in custody, a standard inventory search would have revealed the contents of the bottle." The District Court relied upon our decision in Hilgendorf to conclude that the contents of the pill bottle would have been inevitably discovered. As here, Hilgendorf involved a container hidden upon the defendant’s person. Hilgendorf, ¶ 7. The container held powder, a razor blade, and marijuana, which were discovered pursuant to a search incident to arrest. Hilgendorf, ¶ 7. We held that “[i]t [was] undisputed that Hilgendorf was going to be arrested for possession of drug paraphernalia and taken to jail [and] would have been subjected to a standard inventory search." Hilgendorf, ¶ 27. Pursuant to a search incident to arrest, police may take routine administrative steps to protect themselves, the arrestee, and others in the station house from potential dangers. Hilgendorf, ¶ 26. The legitimate and compelling interest of the State in protecting persons in and around the police station justifies the routine, administrative inventory search of property on the arrestee at the station following an arrestee’s arrest. Hilgendorf, ¶ 26. Inventory searches are not subject to the probable cause strictures of § 46-5-401(2), MCA. See Demontiney, ¶ 17; Hilgendorf, ¶ 26; State v. Heath, 2000 MT 94, ¶ 18, 299 Mont. 230, 999 P.2d 324.
¶27 I would therefore hold, consistent with our case law, that McKeever had a reasonable expectation of privacy in the contents of the pill bottle removed from his clothing, but that the search was not unreasonable asa search incident to arrest. Since McKeever was under arrest at the station and placed in custody, a standard inventory search would have revealed the contents of the bottle. I would affirm on this basis.